**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**FREDERICK DONER,**

                **Plaintiff,**

    v.                                                                                           **7:08-CV-645**
                                                                                                **(TJM/GHL)**

**THE UNITED STATES OF AMERICA**
**(DEPARTMENT OF THE ARMY) AND**
**GRIFFITH ENERGY,**

                **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I.     INTRODUCTION**

      Plaintiff commenced this action pursuant to the Court's federal question jurisdiction, 28 U.S.C. §§ 1331 & 1346, to recover for damages to real property that he leased to the United States Army Corps of Engineers for the purpose of providing military personnel with housing. Plaintiff alleges that he was not notified of the termination of gas supply to the property during the lease term and, as a result, "pipes in the premises froze and burst from lack of heat" resulting in "substantial damage." Compl. ¶ 10.  Plaintiff seeks damages in the amount of $47,110.65 in addition to loss of rent, costs, and attorney fees. See generally Compl.  Defendant Griffith Energy, which the United States allegedly contracted

with to supply propane gas to the leased premises, see Compl. ¶ 6; Lease, ¶ 21,[1] answered and cross claimed against the United States. See Ans. & Cross claim, dkt. #10.

The United States moves to dismiss the Complaint contending that Plaintiff failed to file suit in the proper forum, *i.e*, the Court of Federal Claims, and as such, this Court lacks subject matter jurisdiction over the action. Neither Plaintiff nor Defendant Griffith Energy have opposed the motion, and the time to do so has expired.[2]

## II. STANDARD OF REVIEW

A case is to be dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate it. Makarova v. United States, 201 F. 3d 110, 113 (2d Cir. 2000). In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the district court may refer to evidence outside the pleadings. Id.; Kamen v. American Tel. & Tel. Co., 791 F. 2d 1006, 1011 (2d Cir. 1986). The party asserting subject matter jurisdiction (here, the Plaintiff) has the burden of proving by a preponderance of the evidence that jurisdiction does exist. Makarova, 201 F. 3d at 113; Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996).

---

[1] The lease agreement provided in part that the "Government will contract separately for electric and propane within the demised premises only. Propane tank will be filled by lessor upon lease acceptance and by Government at lease termination." Ex. A, ¶ 21.

[2] The motion was noticed for Court's October 14, 2008 motion calendar. Under the Local Rules, opposition, if any, was to be filed and served seventeen (17) days prior to the return date of the motion. N.Y.N.D.L.R. 7.1(b)(1). On October 10, 2008, the Court received a letter from Plaintiff's counsel requesting that the pending motion be adjourned to the Court's next motion calendar because counsel was purportedly "in talks with the insurance company in hopes that this can be resolved without court involvement." 10/10/08 Ltr, dkt. #13. Because the adjournment request failed to comply with this Court's Standing Order on adjournments and requests for extensions, see http://www.nynd.uscourts.gov/pdf/standorder/tjm.pdf, the matter was adjourned without an extension of time in which to file opposition. See 10/14/08 Text Order; 10/24/08 Oral Order (granting 2nd adjournment). The matter was scheduled for the Court's November 10, 2008 Motion Calender. On November 10, 2008, Plaintiff's counsel submitted a letter indicating that the parties had agreed to transfer the matter to the Court of Federal Claims and that a stipulation would be forthcoming. See dkt. # 18. Although the Government submitted a stipulation which it signed, Plaintiff's counsel has failed to respond to inquiries from the Court Clerk's Office requesting the signed stipulation from him.

### III.  DISCUSSION

By the terms of the lease agreement and applicable law, this dispute is subject to the Contract Disputes Act (CDA) of 1978, 41 U.S.C. § 601, *et seq*.  See Lease, ¶ 14;  41 U.S.C. § 602(a)(1)(The CDA applies "to any express or implied contract. . . entered into by an executive agency for . . . (1) the procurement of property, other than real property in being. . . ." ); 1-10 Industry Assoc., Inc. v. U.S. Postal Service, 133 F. Supp.2d 194 (E.D.N.Y. 2001)(holding that the CDA applies to leases of real property); Spodek v. United States, 26 F. Supp.2d 750 (E.D. Pa. 1998)(same).

Under the Tucker Act,  28 U.S.C. § 1491, "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).  Further, the CDA amended 28 U.S.C. § 1491 to provide, in part, that "[t]he Court of Federal Claims shall have jurisdiction to render judgment upon any claim by or against, or dispute with, a contractor arising under [41 U.S.C. § 609(a)(1)] of the [CDA]." 28 U.S.C. § 1491(a)(2).

Although the jurisdiction of the United States Court of Federal Claims is concurrent with the that of the federal district courts, the Little Tucker Act, 28 U.S.C. § 1346(a)(2), grants the United States Court of Federal Claims exclusive jurisdiction when more than $10,000 is claimed in the action. See Greenhill v. Spellings, 482 F.3d 569, 573 (D.C. Cir. 2007)("If [plaintiff] explicitly or in essence seeks money damages in excess of $10,000,

jurisdiction rests exclusively with the Court of Federal Claims."); Kidwell v. Department of Army, Bd. for Correction of Military Records, 56 F.3d 279, 282 (D.C. Cir. 1995)("[T]he 'Little Tucker Act' gives district courts concurrent jurisdiction with the Court of Federal Claims in most Tucker Act cases seeking less than $10,000.").

Inasmuch as Plaintiff seeks damages in the amount of $47,110.65 in addition to loss of rent, costs, and attorney fees, this Court lacks subject matter jurisdiction to adjudicate the claims against the United States brought by both Plaintiff and Defendant Griffith Energy. Further, the Court declines to exercise supplemental jurisdiction over the state law claims brought by Plaintiff against Defendant Griffith Energy.

### IV. CONCLUSION

For the reasons discussed above, the pending motion to dismiss (dkt. # 12) is **GRANTED**, and all claims against the United States in the Complaint and in Defendant Griffith Energy's Cross-Claim are **DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction**. The Court declines to exercise supplemental jurisdiction over the state law claims brought by Plaintiff against Defendant Griffith Energy. Accordingly, the Clerk of the Court is instructed to mark the file in this action as closed.

**IT IS SO ORDERED**.

DATED:   November 25, 2008

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge